Town of Amherst, Respondent, v Brian Burns Mead et al., Defendants, and Power Up Manufacturing, Inc., Appellant. (Appeal No. 1.) [869 NYS2d 812]

Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.

Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.

Town of Amherst, Respondent, v Brian Burns Mead, Defendant, and Power Up Manufacturing, Inc., et al., Appellants. (Appeal No. 3.) [869 NYS2d 810]—

Memorandum: Plaintiff commenced this action seeking reimbursement pursuant to General Municipal Law § 207-c (6) for the wages and medical bills of a police officer employed by plaintiff. The officer was injured when the police vehicle he was driving was struck by a vehicle driven by defendant Brian Burns Mead and owned by defendant Power Up Manufacturing, Inc. (Power Up). Supreme Court properly denied the motion of Power Up and the cross motion of the remaining defendants-appellants for summary judgment dismissing the complaint against them. Contrary to the contention of those defendants, General Municipal Law § 207-c (6) does not apply only to active tortfeasors. Rather, it applies both to active tortfeasors and to those who are vicariously liable. Indeed, the statute expressly provides that "a cause of action shall accrue to the municipality for reimbursement . . . as against *any third party* against whom the [police officer] shall have a cause of action" (*id.* [emphasis added]). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.